FILED

October 14, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:45 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| David Raine | ) | Docket No.  2015-06-0986 |
| | ) | |
| v. | ) | |
| | ) | State File No.  48420-2015 |
| White Castle, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Remanded – Filed October 14, 2016

---

In this interlocutory appeal, the employee asserts he is entitled to temporary disability and medical benefits for alleged injuries to his left shoulder.  Following a review of the file, the trial court issued an order denying the requested benefits, concluding the employee had not come forward with sufficient evidence to show he is likely to prevail at a hearing on the merits in establishing an injury arising primarily out of and in the course and scope of his employment.  The trial court further determined that the employee's claim was not filed within the applicable limitations period.  The employee has appealed.  We affirm the trial court's determination and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

David Raine, Nashville, Tennessee, employee-appellant, pro se

D. Brett Burrow, Nashville, Tennessee, for the employer-appellee, White Castle

1

David Raine ("Employee"), a resident of Davidson County, Tennessee, worked for White Castle ("Employer") as an auxiliary team member. He alleges that in late July or early August 2014, he sustained an injury to his left shoulder while throwing a trash bag into a dumpster. He further alleges that "around that same time," he injured his right knee by hitting it on a pallet.[2] Employee sought medical treatment on his own and eventually underwent surgery on his shoulder. He testified that he did not consider whether his injury constituted a workers' compensation claim until May 2015.

The parties dispute whether Employee gave proper notice of his alleged injury. However, it is undisputed that Employee filed his petition for benefit determination on August 19, 2015. Moreover, Employer presented unrefuted proof that it paid no benefits of any kind on Employee's claim.

Employee filed a request for expedited hearing, asking the court to issue an order based on a review of the file with no in-person evidentiary hearing. *See* Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(c) (2015). Employer agreed that no evidentiary hearing was necessary. As a result, after determining it needed no additional information, the trial court reviewed all submitted materials and issued an expedited hearing order denying the requested relief. The trial court determined that Employee had not come forward with sufficient proof to show he is likely to prevail at a hearing on the merits in two respects: (1) whether he suffered an injury by accident as that term is defined in Tennessee Code Annotated section 50-6-102(14); and (2) whether Employee filed his claim within the applicable limitations period. Employee has appealed.

Employee raises three issues. First, he argues, in essence, that Employer's alleged failure to post the notices required by Tennessee Code Annotated section 50-6-407 bar it from asserting a defense based on the statute of limitations. However, Employee cites no authority, and we have found none, supporting the proposition that an employer's violation of section 50-6-407 results in an estoppel or constitutes a waiver of a statute of limitations defense. Regardless of whether or not an employer has complied with this statutory obligation, an injured worker is not excused from his or her responsibility to be aware of or seek out information concerning the law. Tennessee law is clear that "mere ignorance of the law will not serve as an excuse for a litigant's error or omission." *Mosby v. McDowell Ctr. for Children*, No. W2012-02715-WC-R3-WC, 2014 Tenn.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] In his position statement on appeal, Employee stated that he abandoned his knee injury claim. Therefore, we will not address that claim.

LEXIS 707, at *18 (Tenn. Workers' Comp. Panel Oct. 2, 2014). Furthermore, an employee's "unfamiliarity with workers' compensation law and his ignorance of his obligations thereunder, without any further explanation for his delay in notifying [his employer] of his injury, is insufficient and not a reasonable basis for excusing his failure to give the required notice." *Id.* at *19.

Second, Employee asserts that Employer failed to take appropriate action when he first gave notice of his injury. In support of this argument, Employee cites as an example another work-related injury he claims to have suffered after which Employer allegedly failed to take appropriate action. Yet, this testimony was contained in affidavits submitted by Employee and included in the materials reviewed by the trial court. Employee has not suggested that the trial court failed to give this testimony appropriate weight or that it erred in its weighing of the evidence. Employee has cited no authority to support his argument and we are aware of none.

Third, Employee argues that the testimony of a witness, Dustin Hessa, was "tainted." Mr. Hessa's testimony came in the form of an affidavit that was considered by the trial court along with other affidavits and deposition testimony, as well as numerous other exhibits. However, even if the record contained evidence calling into question the veracity of Mr. Hessa's testimony, there is nothing in the trial court's expedited hearing order indicating that it relied on this testimony in resolving any issue. Instead, in denying Employee's request for benefits, the trial court expressly relied on Employee's inability to identify an accident by time and place of occurrence, as well as Employee's failure to file a petition for benefit determination within one year of his alleged injury.

Under these circumstances, we have no difficulty finding that the trial court's determinations are supported by a preponderance of the evidence. We therefore affirm the trial court's order and remand the case for any further proceedings that may be necessary.

**FILED**

**October 14, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:45 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| David Raine | ) | Docket No.   2015-06-0986 |
| | ) | |
| v. | ) | State File No.  48420-2015 |
| | ) | |
| White Castle, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of October, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| David Raine | | | | | X | ilagosian@gmail.com |
| D. Brett Burrow | | | | | X | bburrow@burrowlee.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov